IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAMES LEE THOMAS**                                                     **PETITIONER**

**v.**                                **CIVIL ACTION NO. 2:18-cv-101-KS-MTP**

**WARDEN JODY BRADLEY**                             **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] filed by James Lee Thomas. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition [1] be DISMISSED with prejudice.

## PROCEDURAL HISTORY

On June 6, 2008, Petitioner was convicted of armed robbery following a guilty plea in the Circuit Court of Jones County, Mississippi. *See* [17-3] at 32-34. Petitioner was sentenced to serve a term of twenty years, consisting of eight years in the custody of the Mississippi Department of Corrections ("MDOC"), nine years suspended, and three years of post-release supervision. *Id.* On February 19, 2015, Petitioner was released on supervision. *Id.* at 39. On September 12, 2016, however, the circuit court revoked Petitioner's post-release supervision and sentenced him to serve the remainder of his suspended sentence—nine years—in the custody of the MDOC. *Id.* at 62-63.[1]

On April 10, 2017, Petitioner filed a motion for post-conviction collateral relief in the circuit court, challenging the revocation of his post-release supervision and his sentence. *See* [17-

---

[1] The circuit court found that Petitioner violated the terms and conditions of his post-release supervision by failing to make payments toward court costs and restitution, being terminated from a restitution center, and failing to participate in community service and pay supervision fees. *Id.* at 62-63.

1] at 5-33.[2]  The circuit court denied Petitioner's PCR motion, determining that any claims which could be construed as challenging Petitioner's original sentence and conviction were time-barred, that his post-release supervision was not unlawfully revoked, and that his sentence was within the guidelines of Miss. Code Ann. § 47-7-37. *See* [16-3].

Petitioner appealed the circuit court's denial of his PCR motion. *See* [17-1] at 48; [17-4] at 2-16.[3]  Petitioner's appeal was assigned to the Mississippi Court of Appeals, and on July 31, 2018, the court of appeals affirmed the trial court's decision. *See Thomas v. State*, 270 So. 3d 96 (Miss. App. 2018).  Petitioner did not seek rehearing in the court of appeals or review from the Mississippi Supreme Court.[4]

On June 8, 2018, before the court of appeals issued its opinion, Petitioner filed the instant Petition for Writ of Habeas Corpus [1].[5]  Thereafter, Respondent file a Response [16] arguing, in part, that Petitioner has failed to exhaust his state court remedies and that his claims are procedurally barred.

---

[2] In his PCR motion, Petitioner raised the following grounds for relief: "(1) the court erred and violated my 5th and 14th constitutional right to due process" and (2) the court erred in not sentencing Thomas within the guidelines and provisions of M.C.A. § 47-7-37".

[3] In his appeal, Petitioner raised the following grounds for relief: "(1) the court erred and violated my 5th and 14th constitutional amendment right to due process, and 6th and 8th as well, (2) the court erred in not sentencing Thomas within the guidelines and provisions of M.C.A. § 47-7-37. The court also erred in not going by Thomas sentence order see Exhibit (B1) and page 4, and (3) the court should have given defendant no more than 90 days in a technical-violation center or restitution center, not to the full term of his suspended sentence of nine years."

[4] *See* https://courts.ms.gov/index.php?cn=86320#dispArea (last visited April 3, 2020).

[5] Petitioner raises the following grounds for relief in his habeas petition: "(1) violations of my 5th, 6th, 8th, 14th constitution amendments, (2) the court erred in not sentencing Thomas under the guidelines and provisions of M.C.A. § 47-7-37, (3) Thomas worked community service and payed what he could on his restitution, and (4) Thomas should have gotten no more than 90 days [at a technical-violation center]."

## ANALYSIS

Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. A fundamental prerequisite to federal habeas relief is exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id*. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Under Mississippi law, an appellant who is displeased with the decision of the Mississippi Court of Appeals must file a motion for rehearing with that court and, if the result of the rehearing is unsatisfactory, file a petition for writ of certiorari with the Mississippi Supreme

Court to obtain review of the court of appeals's decision. *See* Miss. R. App. P. 17(b). Petitioner did not seek a rehearing or file a petition for writ of certiorari. Thus, Petitioner's claims have not been "fairly presented to the highest state court." *Mercadel*, 179 F.3d at 275.

Additionally, the time for filing a motion for rehearing with the court of appeals has long expired. *See* Miss. R. App. P. 40 (requiring a motion for rehearing to be filed within fourteen days after a decision is handed down). Petitioner's failure to seek rehearing precludes him from filing a petition for writ of certiorari. *See* Miss. R. App. P. 17(b).

As the time for exhausting his claims has passed, Petitioner has procedurally defaulted his claims for purposes of federal habeas review. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."); *see also Jones v. Jones*, 163 Fed. App'x 285, 296 (5th Cir. 1998) (stating that when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts . . . there is no substantial difference between nonexhaustion and procedural default"); *Myles v. Kelly*, 2010 WL 2696781, at *3 (S.D. Miss. May 14, 2010); *Towner v. Bradley*, 2007 WL 1032352, at *3 (S.D. Miss. Feb. 8, 2007).

Therefore, federal habeas review of Petitioner's claims is precluded unless he can show cause for his default and actual prejudice as a result, or that the Court's decision not to address the claims would result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995). To prove cause sufficient to excuse default, Petitioner must establish that some external impediment prevented him from raising the

defaulted claims. *Coleman*, 501 U.S. at 753.  Petitioner has not attempted to argue any external "cause" for his default, and the record does not reflect any external impediment which caused Petitioner to procedurally default his claims.  Thus, Petitioner has failed to demonstrate the requisite "cause and prejudice" necessary to obtain review of his claims. *Id*.

Petitioner has also failed to establish that a failure to consider his claims will result in a fundamental miscarriage of justice.  Federal law is abundantly clear that the miscarriage of justice exception is strictly limited to cases of actual innocence and does not reach questions of due process in a habeas claim. *See*, *e.g.*, *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim.").  "To establish the required probability that he was actually innocent, Petitioner must support his allegations with new, reliable evidence that was not presented at the revocation hearing and must show it was more likely than not that no reasonable hearing officer would have revoked his parole in light of the new evidence." *Shinn v. Stephens*, 2013 WL 5314357, at *3 (N.D. Tex. Sept. 23, 2013) (citing *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999); *see also Loisel v. King*, 2011 WL 2414615, at *4 (S.D. Miss. Jan. 11, 2011).  Petitioner has not presented any such evidence.  Accordingly, Petitioner's claims are procedurally barred, and habeas relief must be denied.

**RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Petition [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 6th day of April, 2020.

                                                                   s/ Michael T. Parker
                                                                   United States Magistrate Judge